

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00032-CR
_____

DANNY WAYNE ALCOSER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2016-1261-C1 (Counts I, II & III); Honorable Ralph T. Strother, Presiding

May 19, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

By opinion and judgment dated December 20, 2019, this court reversed three convictions of Appellant, Danny Wayne Alcoser, related to a domestic violence incident based on improper jury instructions which this court found had caused him egregious harm (Issues Two and Three). _See Alcoser v. State_, 596 S.W.3d 320, 338 (Tex. App.—Amarillo 2019). On the State's petition for discretionary review, the Court of Criminal

Appeals reversed this court's decision and remanded the case for further consideration of Appellant's remaining issues on whether the trial court abused its discretion in denying a mistrial (Issue One) and whether the evidence is insufficient to support his convictions (Issue Four). *See Alcoser v. State*, __ S.W.3d __, No. PD-0166-20, 2022 Tex. Crim. App. LEXIS 186 (Tex. Crim. App. March 30, 2022).

Following remand to this court from the Texas Court of Criminal Appeals, Appellant filed a pro se *Motion to Withdraw Appellate Counsel and to Self-Represent*. By order dated May 4, 2022, this court denied that motion and explained that withdrawal of appointed counsel was a matter within the purview of the trial court's authority. *See* TEX. CODE CRIM. PROC. ANN. art 26.04(j). By our order, Appellant was advised that self-representation on direct appeal was reviewed on a case-by-case basis, keeping in mind the best interests of the appellant, the State, and the administration of justice.

Now pending before this court are two subsequent motions filed by Appellant. First, is his *Motion for Rehearing/Reconsideration*, by which he contends a remand to the trial court is required for consideration of an out-of-time motion for new trial to address an "unfiled amended motion for new trial allegedly filed, but yet to be found on any docket sheet." By this motion he accuses his court-appointed counsel of being untruthful and claims he "rail-roaded [sic] his rights into the ground." Second, Appellant has filed a *Motion for Stay of Appellate Proceedings* in which he "give[s] his NOTICE OF INTENT" to file a petition for writ of mandamus and writ of prohibition to "force his Constitutionally protected rights." At the heart of his threat is his allegation that a sufficiency review by this court pursuant to the mandate from the Texas Court of Criminal Appeals would be conducted without a complete record which would deprive him of his due process rights.

2

In order to curtail further pro se filings, we now abate this appeal and remand the cause to the trial court for consideration of his request and to determine whether his court-appointed counsel should be removed and replaced or to admonish Appellant on the consequences of self-representation. We note that at this stage in Appellant's appeal, this court is under a directive from the Texas Court of Criminal Appeals to address only the two remaining issues from Appellant's original brief. Thus, any additional issues raised, whether by newly appointed counsel or by Appellant, if permitted to represent himself, would not be considered by this court.

On remand, the trial court shall conduct a hearing by whatever means necessary to address Appellant's concerns. Should it be determined that Appellant is entitled to self-representation on direct appeal or is entitled to new appointed counsel, the trial court shall provide the clerk of this court with the name, email address, telephone number, and State Bar of Texas identification number of new counsel, if any. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the clerk of this court on or before July 29, 2022.

Appellant's *Motion for Rehearing/Reconsideration* is denied, and his *Motion for Stay of Appellate Proceedings* is rendered moot.[1]

Per Curiam

Do not publish.

---

[1] We note that abatement of an appeal suspends all appellate deadlines.